EDWARD A. DUFRESNE, Jr., Judge Pro Tem.
This is an appeal from a judgment awarding the care, custody and control of the minor child, Denise, to the appellee, Earlis Louis Simon.
The only issue before us is whether the trial judge should have granted the appellant a continuance since her attorney was unable to attend the custody hearing scheduled to be held November 26, 1984.
Our review of the record reveals that the appellee, Earlis Louis Simon, filed a petition for Separation From Bed and Board and custody of his minor child, Denise Ann, on May 15, 1984, in Acadia Parish. A custody rule was set for hearing on June 4, 1984.
After being served, the appellant who was bedridden due to an automobile accident, contacted attorney, Harold Savoie, who filed an Answer & Reconventional Demand and a motion to continue the custody hearing which was continued to be assigned by the court.
On November 5, 1984, the custody rule was reset on motion of appellee’s attorney to be heard on November 26, 1984. Appellant was notified on November 7, 1984, of the hearing; but since she thought her attorney, Harold Savoie, was also notified, did not contact him until the morning of November 26, 1984. He could not attend due to prior court appearances scheduled in Lafayette. A motion for a continuance was filed but was denied by the court.
The transcript of the court record of November 26, 1984, reveals that the trial judge did not wish to continue the case, due to the untimely request. Since the father, Earlis Louis Simon, had custody at this time, the trial judge merely continued temporary custody with the father without prejudice and reserved unto the mother the right to re-o-pen the matter. No evidence or testimony was presented on the merits of the rule.
From this judgment the appellant has appealed and urges that since child custody was at issue, some relief should have been granted.
We find no abuse of the trial judge’s discretion here. In fact, he was quite fair in granting the custody award without prejudice and reserving unto the appellant all rights to have this matter reheard at a later date. We are well aware of the possible shifting of the burden of proof in child custody cases. However, here the trial judge has issued an order granting the custody without prejudice and we are certain if the appellant desires a custody hearing, it will be provided her accordingly.
This appeal has no merit and is basically premature under the circumstances here. The proper avenue for the appellant is to *775 request a custody hearing which was reserved to her by the trial judge in his judgment.
Accordingly, this judgment is affirmed and the matter remanded to the trial court for further proceedings.
AFFIRMED.